ROYAL INDEMNITY COMPANY, Respondent, v. FRANKLIN-KELLUM COMPANY, INCORPORATED, and Others, Defendants. EMPIRE TRUST COMPANY, as Trustee, etc., Appellant; CHARLES H. HYDE, Receiver, Respondent.— Motion to dismiss appeal denied, without costs. Present — Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ.

EDWIN J. ANHALT, Respondent, v. LEONARD L. STEIN and CARL KAUFMAN, Appellants.— Judgment and order reversed upon the law and a new trial granted, costs to appellants to abide the event, because of the court's error in stating, in submitting the case to the jury, that " the capitalization of a corporation includes not only the stock that has been actually issued and paid for, but also the stock that has been authorized in the proper manner and according to law, and which the officers have a right to issue and sell at their pleasure without the consent or acquiescence of any one." ( U. S. Radiator Co. v. State of New York, 208 N. Y. 144; Christensen v. Eno, 106 id. 97; Greenpoint Sugar Co. v. Whitin, 69 id. 328; Sturges v. Stetson, 23 Fed. Cas. [No. 13,568] 311, 313, 1 Biss. 246.) Rich, Kapper, Hagarty and Seeger, JJ., concur; Young, J., dissents.

MAXIMILIAN J. AVERBECK, Respondent, v. NEW YORK AND STAMFORD RAILWAY COMPANY, Appellant. (Action No. 1.) — Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ.

MAXIMILIAN J. AVERBECK, Respondent, v. NEW YORK AND STAMFORD RAILWAY COMPANY, Appellant. (Action No. 2.) — Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ.

ANNIE M. AVERBECK, Respondent, v. NEW YORK AND STAMFORD RAILWAY COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ.

ANNIE BERGOFFEN, Respondent, v. LILLIE GILLESPIE, Appellant.— Order denying defendant's motion to vacate order of arrest affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ., concur.

ANNA M. BIRCH-FIELD and WILLIAM L. BIRCH-FIELD, Appellants, v. DAVENPORT SHORE CLUB, INC., Defendant, and WILLIAM WEISS, Individually and as Receiver of PAIN'S FIREWORKS, INC., Respondent.— Order dismissing complaint as against defendant William Weiss, as receiver, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. There is but one cause of action pleaded as to Weiss, and the joining of defendant Weiss as receiver and individually was proper under sections 211 and 213 of the Civil Practice Act, as if the plaintiffs' cause of action be otherwise made out, he is liable either individually or as receiver, and this alternative liability makes proper the joinder in both capacities. (Ader v. Blau, 241 N. Y. 7, 13; Jamison v. Lamborn, 207 App. Div. 375; Cuban-Canadian Sugar Co., S. A. v. Arbuckle, 127 Misc. 64; Carmody N. Y. Pr. [1924 Supp.] § 175, p. 57.) If the accident complained of occurred during the carrying on of the business by the receiver under an order broad enough to authorize him to carry it on, then there would be no individual liability but merely liability as receiver. (Cardot v. Barney, 63 N. Y. 281.) If the order appointing the receiver did not authorize the carrying on of the activity during the course of which the accident occurred,